UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **MEGAN ROBERTS** | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL COMPLAINT** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **NORTHSTAR LOCATION** | ) | |
| **SERVICES, LLC** | ) | |
| **Defendant** | ) | |
| | ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Megan Roberts, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.     Plaintiff, Megan Roberts, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.     Venue in this District is proper in that the Defendant transacts business in this District and maintains an office here.

## III.  PARTIES

4.      Plaintiff, Megan Roberts, is an adult natural person residing at 6322 Spinnaker Drive, Lewis Center, Ohio 43035.  At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Northstar Location Services, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of Ohio and the Commonwealth of Pennsylvania with  a location at 4285 Genesee Street, Cheektowaga, NY 14225.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7.      In or around January, 2011, Plaintiff started to receive calls to her place of employment from the Defendant's agent, "Diane", collecting on a debt allegedly owed on a Chase account.

8.      Plaintiff was informed that she owed the Defendant approximately $7,469.00.

9.      Plaintiff immediately informed Defendant's agent that she was not to call her in work again.

10.     Defendant's agent, "Diane", continued to call the Plaintiff at her place of employment and left several messages about the above referenced debt with Plaintiff's business partner as well as a company in-tern.

11.     On or about February 5, 2011, an agent of the Defendant informed Plaintiff that the Defendant had filed a judgment against the Plaintiff that day and that she will have to appear in court.

12.     Plaintiff again asked the Defendant to please stop contacting her about this matter while at work.

13.     Plaintiff ended the call.

14.     To date, Plaintiff has never received any legal papers from the Defendant.

15.     The following day, Plaintiff received yet another call from the Defendant to her place of employment.

16.     Plaintiff again insisted that the Defendant was not to contact her in work anymore.

17.     At that time, Defendant's agent denied knowledge that the number that the Defendant was calling was a work number.

18.     Plaintiff again ended the call.

19.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

20.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

21.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

25.     The above paragraphs are hereby incorporated herein by reference.

26.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(a)(3):     At place of employment when knows that the

employer prohibits such communication

| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with debt collection |
| §§ 1692e(5): | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Northstar Location Services, LLC for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date:  March 15, 2011

BY: _____
Bruce K. Warren, Esquire

Bruce K. Warren, Esquire
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
T: 215-745-9800
F: 215-745-7880
bkw@w-vlaw.com
Attorney for Plaintiff